The judgment is reversed and the cause remanded.

WOODLEY, Judge (dissenting).

Ezell Clerkley was found in possession of beer and whisky in a dry area. He testified that it was being kept for the purpose of sale and that it belonged to appellant who was paying him to keep it for her.

That Ezell Clerkley was guilty of the offense of possessing whisky and beer for the purpose of sale, and therefore an accomplice witness, is beyond question. He was found in possession of the beer and whisky and admitted his participation in its keeping for the purpose of sale.

If Clerkley's testimony is to be believed, and the jury evidently chose to accept it as true, appellant was guilty as a principal in the commission of the offense because she owned the beer; was paying Clerkley to

keep it for her, and was visiting the place to pick it up almost daily.

The offense being a misdemeanor, it is immaterial that she was not present at the commission of the offense. Branch's Ann. P.C., Sec. 699; Stone v. State, 133 Tex. Cr.R. 527, 112 S.W.2d 465; McAlister v. State, 79 Tex.Cr.R. 87, 183 S.W. 145.

Art. 666-23a, V.A.P.C., provides that conviction for the offense here charged may be had upon the uncorroborated evidence of an accomplice.

The testimony of the accomplice witness Clerkley being alone sufficient under the statute, I am unable to agree that the conviction should be reversed for insufficiency of the evidence.

William T. COFFEE, Appellant,

v.

The STATE of Texas, Appellee.

No. 27434.

Court of Criminal Appeals of Texas.

Feb. 16, 1955.

**489**

No attorney on appeal, for appellant.

Leon Douglas, State's Atty., Austin, for the State.

PER CURIAM.

The offense is unlawful transportation of intoxicating liquor, with a prior conviction for a like offense alleged for enhancement of penalty; the punishment, a fine of $750.

The record on appeal contains no statement of facts or bills of exception. All proceedings appear to be regular and nothing is presented for review.

The judgment is affirmed.